United States Court of Appeals
for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 10, 2025

Lyle W. Cayce
Clerk

No. 25-50512
Summary Calendar

_____

Jodie Collins, III,

*Plaintiff—Appellant*,

*versus*

M&T Bank; Trustee Corporations,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:24-CV-1074

_____

Before Dennis, Haynes, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Jodie Collins, III, a litigant proceeding *pro se*, sued M&T Bank and
Trustee Corporations to enjoin the non-judicial foreclosure on his home in
Live Oak, Texas. The gravamen of Collins's complaint is that he satisfied his
mortgage debt by submitting what he has dubbed a "bill of exchange," which
he believes constitutes legal tender and full payment of the loan. He alleges

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

that Defendants' refusal to accept his bill of exchange breached the loan contract and rendered any further collection or foreclosure efforts unlawful under various federal and state consumer-protection statutes.

The district court granted Defendants' Federal Rule of Civil Procedure 12(b)(6) motion to dismiss and denied Collins's motion for reconsideration under Rules 59(e) and 60(b). The court observed that Collins advanced the same bill of exchange theory in other similar cases and that courts have uniformly rejected it. *See, e.g.*, *Collins v. Chase Bank, N.A.*, No. SA-25-CV-00089-XR, 2025 WL 2612738 (W.D. Tex. Aug. 15, 2025); *Collins v. Am. Auto Brokers*, No. SA-25-CV-00253-XR, 2025 WL 2684311 (W.D. Tex. Apr. 30, 2025); *Collins v. Westlake Fin. Servs.*, No. SA-25-CV-00021-JKP, 2025 WL 756205 (W.D. Tex. Mar. 10, 2025). Like those rulings, the district court below explained that Collins's privately created bill of exchange does not constitute legal tender for debts. Because Collins's claims rested entirely on the premise that his self-generated instruments satisfied the mortgage debt, the court concluded that the theory could not support any of his claims.

We agree. By statute, "United States coins and currency (including Federal reserve notes and circulating notes of Federal reserve banks and national banks) are legal tender for all debts, public charges, taxes, and dues." 31 U.S.C. § 5103. Collins's privately created "bill of exchange" is not legal tender and cannot discharge his obligations under the mortgage loan agreement. *Cf. Hesed-El v. Aldridge Pite, LLP*, No. 20-14782, 2021 WL 5504969, at *3 (11th Cir. Nov. 24, 2021) ("[W]e agree with the defendants and the district court that the 'bill of exchange' quite plainly is not real money."). Because Collins's bill of exchange theory is the predicate for every claim he asserts, that legal defect is fatal to the entire complaint.

AFFIRMED.